UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALLISON WASHINGTON                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:17-CV-426-DPJ-FKB

JACKSON STATE UNIVERSITY, et al.                                     DEFENDANTS

ORDER

This employment-discrimination case is before the Court on Defendant Dowell Taylor's

Motion to Dismiss [3].  Taylor says he did not receive timely service of process and that the state

and federal claims against him otherwise fail on the merits.  For the reasons that follow, the

motion is granted as to the Title VII claims but denied as to the state-law wrongful-termination

claim.

I.        Facts and Procedural History

Plaintiff Allison Washington filed this lawsuit against Jackson State University and

Dowell Taylor in Hinds County Circuit Court on October 19, 2015.  She alleges claims under

Title VII "and Mississippi statutory and common law" for sex discrimination, harassment,

retaliation, and wrongful termination.  Compl. [1-1] at 1.  Washington served JSU on November

13, 2015, but was unable to serve Taylor within the 120 days provided by Mississippi Rule of

Civil Procedure 4(h), and on February 12, 2016, she filed her first motion for a 120-day

extension to effect service on Taylor.  Judge Weill granted that motion on March 14, 2016,

extending the deadline to serve Taylor until June 15, 2016.

Washington filed her second motion for a 120-day extension to serve Taylor on June 10,

2016.  Had that motion been granted, she would have had until October 13, 2016, to effect

service on Taylor.  But Judge Weill did not enter the proposed order Washington's attorney sent,

and on October 16, 2016, Washington filed a third motion for a 120-day extension for service of process.  Judge Weill granted that motion on October 18, 2016, by entering an order captioned "Order Granting Third Extension of Time to Serve Complaint to Defendant Dowell Taylor." Third Extension Order [3-6].  But the circuit court's docket sheet actually linked the electronic filing of that order with the second motion for extension.  Docket [8-11] at 2.  If the second and third motions were both effectively granted, Washington's deadline to serve Taylor would have been February 10, 2017.

On February 10, 2017, Washington filed her fourth motion for a 120-day extension to serve Taylor.  Judge Weill granted that motion but noted that it would be the final extension. Order [3-8] at 3.  Again, assuming all previous extensions were granted, this final deadline would have been June 10, 2017.  On May 6, 2017, Washington finally served Taylor, who removed the case to this Court and moved to dismiss.

II.    Analysis

Taylor contends that the claims against him should be dismissed for failure to comply with Mississippi Rule of Civil Procedure 4(h).  Alternatively, he asserts that the Title VII claims against him lack merit.  Finally, in rebuttal, he argues that the state-law wrongful-termination claim against him fails as a matter of law.

A.    Service of Process

The parties agree that the timing of service of process in this removed case is governed by Mississippi Rule of Civil Procedure 4(h), which provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

2

Miss. R. Civ. P. 4(h).

Based on this rule, Taylor makes three main arguments for finding that he was not properly served:  (1) the state-court orders failed to establish "good cause" for the delays; (2) service was untimely because Washington failed to serve him before the first extension expired; and (3) because Washington received only three extensions totaling 360 days, her final day for service was February 10, 2017.  None of these arguments are compelling.

Taylor first says that because, in his view, Washington "never established good cause for any extension of time she received to serve Taylor, . . . her service on Taylor—564 days after first having the summons issued to him, was untimely."  Def.'s Mem. [4] at 4.  But the state-court orders did explain why time was needed, and this Court will not second guess Judge Weill's rationale or rulings.  *See* 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.4 (3d ed. 1998) (explaining that where a case "move[s] from one court to another by such means as . . . removal . . . [f]or the most part, later courts tend to adhere to earlier rulings by other courts for the same reasons that inform general law-of-the-case practices").

Taylor's second and third arguments relate to Washington's second extension request that Judge Weill never expressly granted, but that was linked as having been granted in the electronic docket.  Taylor first says that absent the second extension, service was untimely once the first extension expired.  He then alternatively argues that Judge Weill granted only three of the four requests, so the cumulative extensions equaled 360 days and expired February 10, 2017.  *See* Def.'s Mem. [4] at 5.  These arguments ignore the orders Judge Weill entered.

While it is true the record would be clearer if all four of Washington's proposed orders granting her four separate motions for extensions had been entered, Judge Weill's intent is not

hard to find.  Judge Weill's final order states that "on October 18, 2016, this Honorable Court signed an Order allowing the Plaintiff an additional one-hundred and twenty (120) days to complete service of process, *making the new deadline February 13, 2017*."  *See* Fourth Extension Order [3-8] at 2 (emphasis added).  The order then "extend[ed] the time in which Plaintiff may complete service of process by one-hundred and twenty (120) days."  *Id.* at 3.  Judge Weill signed that order on February 15, 2017.  And he did not—as Taylor argues—thereby retroactively reduce the time for service from February 13 to February 10.  Instead, it was the judge's plain intention to extend the deadline for another 120 days from the previous February 13 deadline—i.e., until June 10.  Washington served Taylor on May 6, making service timely.  Dismissal is not warranted on the basis of Mississippi Rule of Civil Procedure 4(h).

B.    Merits

In response to the motion to dismiss, Washington "agree[d] to dismiss her claims of sex discrimination, harassment, and retaliation under Title VII against Defendant Dowell Taylor."  Pl.'s Resp. [8] at 6.  So the sole remaining claim against Taylor is the wrongful-termination claim, in which Washington alleges that she "was unlawfully terminated by Defendant without just cause and without due process."  Compl. [1-1] ¶ 31.  Taylor does not substantively address the claim in his opening brief, saying only that, given the lack of timely service, Mississippi's three-year statute of limitations applicable to the claim has expired, warranting dismissal with prejudice for untimely service.  Def.'s Mem. [4] at 6.  But the Court has rejected the untimely-service argument.

Taylor addresses the merits of the wrongful-termination claim for the first time in rebuttal, saying that the facts as alleged by Washington do not state a claim under Mississippi law.  Def.'s Rebuttal [9] at 2.  "It is the practice of . . . the district courts [in this circuit] to refuse

to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008).  Washington was not given the opportunity to respond to Taylor's substantive argument on the state-law claim.  The Court therefore declines to consider it.

III.    Conclusion

The Court has considered all arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendant Dowell Taylor's Motion to Dismiss [3] is granted in part.  The Title VII claims against Taylor are dismissed with prejudice. The motion is otherwise denied.

**SO ORDERED AND ADJUDGED** this the 9th day of August, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE